IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
v. ) Case No. CR-07-321-D
　) 　(No. CIV-10-669-D)
TIMOTHY L. BEALS, )
　)
　　　　　Defendant. )

**O R D E R**

The matter before the Court is Defendant Timothy L. Beals' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 60], which was filed *pro se* on June 28, 2010. The government opposes the Motion on grounds that the only claim properly presented – ineffective assistance of counsel – lacks merit. Defendant has filed a reply brief containing further argument in support of his ineffective assistance claim. The Motion is thus at issue.

**A.　Factual and Procedural Background**

Defendant originally pled guilty and was sentenced in the District of Kansas for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In this case, however, Defendant seeks relief from a subsequent sentence ordered by this Court in August, 2009, for violating the terms of his supervised release while under supervision in this district. The Court revoked Defendant's supervised release and imposed a 36-month prison sentence. This was Defendant's second revocation and followed numerous additional violations of the conditions of his supervised release. After carefully considering the factors mandated by 18 U.S.C. § 3553(a), the Court determined that a term of confinement greater than the recommended guideline range was needed. The court of appeals affirmed this decision. *See United States v. Beals*, 383 F. App'x 762

(10th Cir. 2010). In so doing, the Tenth Circuit specifically rejected Defendant's contention that his sentence was unreasonable because it was based on erroneous factual assumptions concerning the availability of certain drug treatment programs, for which Defendant is ineligible due to the pendency of a state charge against him. *See id*. at 766.

### B. Defendant's Motion

In the Motion, Defendant asserts two claims: 1) ineffective assistance of trial counsel; and 2) "erroneous facts and assumptions." *See* Motion [Doc. 60] at 6. The latter claim essentially re-urges an argument presented by his attorney on appeal, namely, that the Court's reasons for his lengthy prison sentence are undermined by the unavailability of certain programs due to a state detainer. The law is clear that § 2255 is not available to revisit issues previously decided on direct appeal. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). However, the ineffective assistance claim – based on defense counsel's failure to bring the erroneous factual assumptions to the Court's attention during the revocation hearing – is properly raised under § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."). Therefore, the Court considers only this claim.

### C. Discussion

The standard of decision governing Defendant's claim is well established:

> Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*United States v. Mora*, 293 F.3d 1213, 1217 (10th Cir. 2002); *see also Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). A court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *See Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002) (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999)); *see also United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

In this case, the record is clear that the Court's reasons for imposing Defendant's 36-month sentence were not based on the availability of a particular program during his confinement by the Bureau of Prisons, or his participation in a particular treatment. The Court found that Defendant was "a supervision failure at this point and would benefit from a term of confinement of a duration sufficient for him to get significant rehabilitative treatment," including the Residential Drug Abuse Program ("RDAP") for which he currently is ineligible. *See* Tr. Aug. 12, 2009 Hr'g [Doc. 56] at 30. However, the Court also stated:

> One of the sentencing factors under Section 3553 that we take into account, and, indeed, apply in every case, is a factor that deals with rehabilitative treatment and programs and training, and even medical care. There are also other factors that are significant with respect to you, including protection of the public and a reflection of the seriousness of your conduct.
>
> But I believe that the sentence today will give you time to get straightened out, and will give you time to participate in the RDAP, and it is my hope that you do that. I believe that with that time to take advantage of all the programs that would be available to you in light of this sentence of confinement that you may be able to find the help that you need to turn things around when you get out.

*See id*. at 32. Here, like the district court in *United States v. Tsosie*, 376 F.3d 1210 (10th Cir. 2004), the Court found that Defendant is more likely to successfully address the issues that caused him to be a supervision failure in a structured setting, where programs and training are available. Defendant's failure was a result of drug abuse and other significant problems, including that he "basically, hit a point of depression and gave up." *See* Tr. Aug. 12, 2009 Hr'g [Doc. 56] at 20.

3

Upon consideration, the Court finds that Defendant cannot make a sufficient showing of prejudice under *Strickland*. The Court's decision to order an additional 36 months of incarceration was based on a reasoned determination that Defendant needed a term of confinement of sufficient duration for him "to get straightened out" and "take advantage of all the programs that would be available." *See id*. at 32. While the Court recommended drug abuse treatment, and specifically RDAP, the Court's judgment did not hinge on the availability of a particular program or Defendant's participation in a particular course of treatment. In short, any argument by defense counsel that Defendant was ineligible for RDAP would not have materially changed the Court's assessment. Therefore, the Court finds that Defendant's claim of ineffective assistance of counsel lacks merit.

**D. Conclusion**

For the above reasons, the Court finds that Defendant's § 2255 Motion presents no valid basis for relief from his 36-month prison sentence.[1]

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 60] is DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 22nd day of December, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Because the existing record shows Defendant is not entitled to relief, no evidentiary hearing is needed. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255.

4